ROBERT A. VAN KLEEF, Plaintiff, *v.* IRENE VAN KLEEF, Defendant.

Supreme Court, Onondaga County, May 13, 1944.

*Richard Aronson* for plaintiff.

*Daniel F. Mathews* for defendant appearing only as to custody of John R. Van Kleef, an infant.

SEARL, J. Plaintiff, a member of the armed forces, applied to the Legal Assistance Office of the United States Army, and brings this action for absolute divorce through an attorney assigned by the War Committee of the New York State Bar Association.

Defendant defaulted in appearance. However, after statutory proof was introduced, determination as to the custody of a son, John Robert Van Kleef, three years of age, devolved upon this court. The complaint makes no reference as to such custody. However, the plaintiff through his parents, and by a wire received from plaintiff, makes demand that custody be awarded to the paternal grandparents. The court has entered the appearance of attorney Mathews in behalf of the defendant wife upon this issue.

A decree of divorce has just been granted and entered, to be supplemented and amended by a further order of this court pertaining to the custody of the infant. Briefly the facts disclose that Robert A. Van Kleef and Irene Kosakowski were married January 17, 1940; that for a time the parties lived at Camillus, near the home of the parents of the husband and later moved to Solvay, New York, where they lived with the bride's parents. Late in 1941, differences arose and the parties separated in November of that year. For the next few months the husband made several small payments to the wife. On February 12, 1942, he was inducted into the army, the wife having with her the little son, John Robert. She lived with her parents. Since June, 1942, Government allotments totalling $942 have been paid to the wife for the support of this child.

The evidence discloses that in August, 1943, the defendant was living at 814 Madison Street, Syracuse, when her alleged husband, not the plaintiff, came home on furlough. The record of the Department of Health (Exhibit 6) discloses that a son was born to Samuel James Donato and Irene Kosakowski, defendant, on the 31st day of August, 1943. Defendant apparently married Donato, now in the army at Aberdeen Proving Ground in Maryland, the marriage having taken place at Churchville, Maryland, on November 24, 1943. At some time defendant claims to have obtained a Mexican divorce from the plaintiff, although it is admitted that neither the plaintiff nor the defendant ever resided in the Republic of Mexico, nor was plaintiff ever served with process. This fiction of a divorce must be totally disregarded from a legal standpoint.

The one and only question for this court to instantly decide is: where rest the best interests of this three-year-old boy, John Robert Van Kleef? The evidence is undisputed that the mother loves her son, that she sees to it that he is fed and clothed, and that a doctor is consulted occasionally in regard to a heart ailment. The mother is well and neatly dressed and there is no evidence that she neglects this son. She resided for a time with a relative of Donato. On the other side of the picture, the paternal grandfather is a middle-aged man, who occupies a responsible and remunerative position with the Syracuse Pottery Company; he and his wife have a large home on the outskirts of the village of Camillus, surrounded by gardens where the boy could be out of doors a large part of the year. They have a fourteen-year-old daughter who is accustomed to children and has received some education as to their proper care. With the intense desire the grandparents display to care for the boy, it is apparent that while there he would be in the midst of a Christian and healthful environment.

The child is now three years old, at an age when the little fellow can readily adapt himself to new surroundings and new caretakers. Allowing that no one can take the place of a mother, yet the change can much more easily be made now than were the child six years old, when his habits must of necessity be better formed and with greater difficulty molded to the exigencies of his daily existence. The formative years now lie ahead of him.

Although the welfare of this boy is the one compelling force that must govern, still there are certain sidelights, the rights of the parents, that cannot be entirely hidden in this court of equity. We then consider the rights of the father, who now

follows the flag to some distant shore, and who is at least entitled to peace of mind so far as the location and welfare of his only son is concerned. Both Lieutenant Irving T. Bergman of the Legal Assistance Staff of the United States Army and Elizabeth Locke of the Second Service Command have investigated this case and given their evidence. Mrs. Locke related that the defendant stated that she and Mr. Donato expected to adopt "Johnny." In fact, the defendant testified in court to that effect. It is only natural that as the defendant has diverted her affections and loyalty from her legal husband to another that she should follow the residence of the latter into whatever State he might choose to go. Must Van Kleef go to some foreign State in search of his son and must he be on the constant alert lest some proceeding be started there to finally take his son away by adoption?

Never before has America been so fully stripped of its flower of young manhood as today. Never before have wives and sweethearts been left so entirely on their own honor as now. This case exemplifies the dire results that can ensue. As fidelity is the demand in time of peace, it is thrice the demand in time of peril, when constancy on the home front should equal that on the firing line. What does it avail the brave man if, while saving his country, he loses his home. The greatest morale builder to those far away is the assurance of steadfastness at home. Nor does this condemn to sack cloth and ashes the myriads of wives and sweethearts who must endure deprivation of those they love for months or perhaps years. No rule, no code nor yardstick need prescribe fit conduct. Conscience is the guide. Relaxation, mirth and laughter sustain and cheer, but one must know the "dead line."

In this case an order may be entered granting to John Van Kleef and Ruth A. Van Kleef, of Camillus, New York, paternal grandparents of John Robert Van Kleef, infant, temporary custody of the infant, with privilege to the defendant of visiting the infant at all reasonable hours, of taking the infant one day every two weeks between the hours of 9:00 A.M. and to be returned to Camillus, New York, by 6:00 P.M. A competent physician is to examine the infant at least every three months and oftener if necessary, at the expense of the grandparents. The infant shall not be removed from the county of Onondaga without an order of the court. Upon the return of the plaintiff to civilian life, an application may be made to this court for a modification of this order.